LONG, Presiding Judge
(concurring specially in unpublished memorandum).
The State argues that because the appellant choked P.S.W. while he was committing a rape, his hands constituted a “deadly weapon,” as that term is defined in § 13A-1-2(11), Ala.Code 1975, and that, therefore, this case should be remanded for the trial court to apply the enhancement provisions of § 13A-5—6(a)(4), Ala.Code 1975, to the appellant’s sentence. However, we must reject the State’s contention because we are constrained to follow Ex parte Cobb, 703 So.2d 871, 877 (Ala.1996), where the Alabama Supreme Court held that “the use of fists or other body parts cannot constitute the use of a ‘deadly weapon’ or ‘dangerous instrument’ as those terms are defined in § 13A-1-2(11) and § 13A-1-2(12).” I write only to urge the Alabama Supreme Court to reconsider its holding in Ex parte Cobb.